{¶ 160} I write separately merely to clarify my reasoning in rejecting Whitfield's contention that his trial counsel was ineffective for having failed to object to Bledsoe's hearsay testimony that her deceased husband told her that Whitfield had tried to trick him into going to the back of the store on a previous occasion.
 {¶ 161} In my view, it is never enough, in analyzing the prejudice part of the test for ineffective assistance of counsel, to conclude that there is sufficient evidence in the record to support a conviction even without the evidence to which trial counsel should have objected. The mere fact that a jury could have found the necessary intent or purpose on Whitfield's part without this evidence does not, by itself, mean that there is no reasonable probability that the jury would not have found the necessary intent or purpose without this evidence.
 {¶ 162} In this instance, however, Bledsoe's hearsay testimony added nothing that was not clearly established by other, properly admitted, evidence. The other evidence *Page 43 
clearly established that Whitfield was, at least until he fled from the store, working as part of a team of confederates to rob the store, with his role being to distract Njie, the proprietor. Bledsoe's hearsay evidence about Whitfield having similarly tried to trick or distract Njie on a prior occasion added nothing of consequence to the stronger, more direct evidence that Whitfield was performing the role of distractor during the actual robbery. For that reason, I agree that had Whitfield's trial attorney objected to Bledsoe's hearsay testimony, and kept it out, there is no reasonable probability that the jury would have come to a different conclusion concerning Whitfield's role, intent, and purpose during the robbery.
 {¶ 163} In all other respects, I concur fully in Judge Grady's opinion for the court.
Copies mailed to:
Jill R. Sink, Esq.
Robert Alan Brenner, Esq.
Hon. Mary Lynn Wiseman *Page 1